## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

…………………………………………………..

THOMAS E. PEREZ, SECRETARY OF LABOR,    :
UNITED STATES DEPARTMENT OF LABOR,    :
                                                                              :
            Plaintiff,    :
                                                                              :
            v.    :     Civil Action No.
                                                                              :
DARIUSH, INC., d/b/a JOHNNY ROCKETS,    :
ROCKETS AND ROCKETS, INC., d/b/a    :
JOHNNY ROCKETS,    :
GHOLAM KAZEMIAN, an individual, and    :
JAVAD GHOREICHI, an individual    :
                                                                              :
            Defendants.    :

…………………………………………………......

## COMPLAINT

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 6, 7, 11 and 15(a)(2) and (5) of the Act to recover back wages and liquidated damages, to enjoin acts and practices which violate the provisions of the FLSA and accompanying regulations, and to obtain other appropriate relief.

The violations alleged in this Complaint began as early as February 2013 and continued until least May 2015.  Defendant Gholam Kazemian ("Kazemian") co-owned and operated two Johnny Rockets restaurants in Virginia and Washington, D.C., through his corporations Dariush, Inc. ("Johnny Rockets Union Station") and Rockets and Rockets, Inc. ("Johnny Rockets Pentagon City").  Defendant Javad Ghoreichi ("Ghoreichi") had control and authority over the

businesses' operations and employment practices. Defendants' day-to-day labor policies and practices have routinely violated the FLSA and eroded their employees' earnings.  Without giving tipped employees the required notice regarding the tip credit, Defendants compelled waiters and waitresses to contribute a percentage of their tips to their employers, who then used the money to pay employees, including cooks and dishwashers, who did not customarily receive tips.  This practice violated the FLSA and the Secretary's regulations on the use of tips, which are the property of employees under 29 C.F.R. §531.52.  As a result, Defendants routinely underpaid their servers by claiming FLSA's tip credit under Section 3(m) of the Act, without complying with the clear requirements of the tip credit.  Furthermore, Defendants regularly failed to pay overtime pay when their employees worked more than forty hours in a given week, in part by failing to combine hours worked in different roles.

Defendants' pervasive skimming from tips and wages flouted the law and deprived their employees of money that they had earned.  Through this action, the Secretary seeks to bring defendants into compliance with the FLSA and to compensate Defendants' employees for years of lost income.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue of this action lies in the United States District Court for the District of Columbia because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.  Defendant Johnny Rockets Union Station is located in Washington D.C., a number of the employees of Defendants Johnny Rockets Union Station and Johnny Rockets Pentagon City live in Washington, D.C., and at least one Johnny Rockets Pentagon City

employee was asked to work at Johnny Rockets Union Station.  Defendant Kazemian co-owned and operated both Johnny Rockets Union Station and Johnny Rockets Pentagon City (collectively, the "Corporate Defendants"), both in person and through frequent communication with Defendant Javad Ghoreichi, who is also Defendant Kazemian's son-in-law and the Director of Operations at both Johnny Rockets Union Station and Johnny Rockets Pentagon City. Defendant Javad Ghoreichi ("Ghoreichi") resides in Washington, D.C. with his wife Atoush Ghoreichi, who is Kazemian's daughter, a 20 percent owner of Johnny Rockets Union Station, and a 40 percent owner of Johnny Rockets Pentagon City.

## THE PARTIES

3.      Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      At all relevant times, Defendant Dariush, Inc., d/b/a Johnny Rockets ("Johnny Rockets Union Station") was a corporation duly organized under the laws of the District of Columbia that has its office and principal place of business at 50 Massachusetts Avenue, Washington, DC 20002 ("Union Station"), where it was engaged in the operation of a full-service restaurant serving a variety of food, including hamburgers, chicken sandwiches, milkshakes, and salads.

5.      At all relevant times, Johnny Rockets Union Station regulated the employment of all persons employed by it at the Union Station establishment, acted directly and indirectly in the company's interest in relation to the employees, and thus was an employer of employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d) and was a person within the meaning of section 3(a) of the Act, 29 U.S.C. § 203(a).

6.     At all relevant times, Defendant Rockets and Rockets, Inc. d/b/a Johnny Rockets ("Johnny Rockets Pentagon City") was a corporation duly organized under the laws of the State of Virginia that had its office and principal place of business at 1100 South Hayes St, Suite #134, Arlington VA 22202, where it was engaged in the operation of a full-service restaurant serving a variety of food, including hamburgers, chicken sandwiches, milkshakes, and salads.

7.     At all relevant times, Defendant Johnny Rockets Pentagon City regulated the employment of all persons employed by it at the Pentagon City establishment, acted directly and indirectly in the company's interest in relation to the employees, and thus was an employer of employees within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d) and was a person within the meaning of section 3(a) of the Act, 29 U.S.C. § 203(a).  On information and belief, Defendant Johnny Rockets ceased operations on or around January 2016.

8.     At all relevant times, Defendant Gholam Kazemian is a co-owner of both Johnny Rockets Union Station and Johnny Rockets Pentagon City.  For at least part of the relevant time period, he was in active control and management of significant functions and operations of the Corporate Defendants, including but not limited to hiring and compensation decisions.  At relevant times, Defendant Kazemian regulated the employment of all persons he has employed and acted directly and indirectly in the corporate defendant's interests in relation to the employees, including by authorizing employment decisions of his corporate managers and directors.  On information and belief, Defendant Gholam Kazemian had the authority to and did supervise, hire and fire employees of the Corporate Defendants, and set the terms and conditions of their employment, either directly or through managers over which Kazemian had control.

9.     Until 2014, Defendant Kazemian visited Johnny Rockets Pentagon City on a near-daily basis to oversee operations and Defendant Johnny Rockets Pentagon City stated on federal

tax filings that Defendant Kazemian devoted 100 percent of his time to the business.  Thereafter

he acted through his Directors of Operations Patricia Degutis and Javad Ghoreichi.  He

continued to receive financial statements for Johnny Rockets Pentagon City.  General managers

of Johnny Rockets Pentagon City referred employees' pay questions to Defendant Ghoreichi,

who informed employees that decisions regarding their pay must be authorized by Defendant

Kazemian. Through communications with and supervision of Ghoreichi and Degutis, Defendant

Kazemian controlled and managed operations at both Johnny Rockets Pentagon City and Johnny

Rockets Union Station, including employment and compensation decisions.  Defendant

Kazemian is thus an employer of employees within the meaning of section 3(d) of the Act, 29

U.S.C. § 203(d), and a person within the meaning of Section 3(a) of the Act, §203(a).

10.     Defendant Javad Ghoreichi is married to Defendant Kazemian's daughter, Atoush

Ghoreichi, who at relevant times owned 20 percent of Johnny Rockets Union Station and 40

percent of Johnny Rockets Pentagon City.  He resides in Washington, D.C.  Beginning in 2013

and continuing to the present, he has acted as the Director of Operations at both locations.  By

September 2013, Defendant Ghoreichi was an employee of Johnny Rockets Pentagon City,

earning gross pay ranging from $5,000 to $10,000 per month that reflected his higher level

managerial responsibilities.  By 2014, Defendant Ghoreichi also was an employee of Johnny

Rockets Union Station, earning additional income from his managing role.  He actively

controlled and managed significant functions and operations of the Corporate Defendants,

including the company's finances and employment policies.  Among other things, by November

2014, Defendant Ghoreichi served as the point-of-contact and represented both Johnny Rockets

Pentagon City and Johnny Rockets Union Station vis-à-vis the U.S. Department of Labor

investigation of the overtime, minimum wage (including tip) and recordkeeping violations

alleged herein. Defendant Ghoreichi bore responsibility for producing payroll and other employment records to the U.S. Department of Labor. By November 2014, Defendant Ghoreichi became aware of compensation policies at both Johnny Rockets Union Station and Johnny Rockets Pentagon City and had authority to change them. At relevant times, Defendant Ghoreichi exercised such authority by directing his managers to institute new pay and tip practices, and representing to the U.S. Department in Labor that he had in fact done so. Defendant Ghoreichi also communicated with Johnny Rockets Pentagon City employees regarding potential raises and the closure of Johnny Rockets Pentagon City. On at least one occasion, Defendant Ghoreichi placed a Johnny Rockets Pentagon City manager to work at the Johnny Rockets Union Station.

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

11. The business activities of the Corporate Defendants, as described herein, are related and performed through common control for a common business purpose of profitably operating Johnny Rockets restaurants co-owned by Defendant Kazemian, Atousa Ghoreichi, and other individuals, in Arlington, Virginia and Washington, D.C., and thus constitute an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r). Johnny Rockets Pentagon City and Johnny Rockets Union Station shared owners, shared products when one establishment ran out of an item, and shared at least two employees who worked at both locations. At relevant times, Defendant Javad Ghoreichi and Patricia Degutis also supervised operations at both locations, under the control and authority of Defendant Kazemian. Following the closure of Johnny Rockets Pentagon City, some former managers at Johnny Rockets Pentagon City moved to work at Johnny Rockets Union Station.

12.     Defendants have employed and are employing employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to the employees listed in Schedule A.  These goods include but are not limited to food, ingredients, and supplies.

13.     At relevant times, the Corporate Defendants collectively have had an annual gross volume of sales made or business done in an amount not less than $500,000.00 for the relevant time period.  Alternatively, Johnny Rockets Union Station separately had an annual gross volume of sales made or business done in amounts not less than $500,000.00 for the relevant time period.  Likewise, Johnny Rockets Pentagon City separately had an annual gross volume of sales made or business done in amounts not less than $500,000.00 for the relevant time period. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## DEFENDANTS' VIOLATIONS

14.     At all relevant times herein, Defendants employed individuals as "Servers," "Cooks," and/or "Dishwashers" (collectively, the "Employees").  The Employees were assigned by Defendants to work in the two establishments.  The Employees listed in the attached Schedule A were employed by Defendant Kazemian and either Johnny Rockets Union Station or Johnny Rockets Pentagon City as "Servers," "Cooks," and/or "Dishwashers" during the time period covered by this Complaint.

*Unlawful Tip Practices Resulting in Failure to Pay Minimum Wages*

15.     Defendants violated the provisions of sections 6 and 15(a)(2) of the Act by paying servers employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.

16.     As early as April 2013 and continuing until at least May 2015, Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi paid their servers, who were tipped employees, a cash wage of $2.40 to $2.77 per hour.  Defendants required servers to contribute ten percent of their total tips of the day back to Johnny Rockets Pentagon City, who then distributed the money to cooks and dishwashers.  The cooks and dishwashers were paid a regular hourly rate and otherwise did not receive tips.  The required contribution ranged from around $5-10 per employee, per shift.

17.     As early as February 2013 and continuing until at least May 2015, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi paid their servers, who were tipped employees, a cash wage of $2.40 to $5.50 per hour.  Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi required servers to contribute two percent of the servers' total sales for the day to Johnny Rockets Union Station, who paid the monies to Johnny Rockets Union Station's cooks and dishwashers.  The cooks and dishwashers were paid a regular hourly rate and did not receive tips.  The required contribution ranged from around $2-$20 per server, per shift, for an average of $4-8, per server, per shift.

18.     In order to maintain a valid tip pool, Defendants were required to make certain disclosures to the servers under Section 3(m) of the Act, 29 U.S.C. § 203(m), and accompanying regulations.  However, Defendants failed to do so.  For example, Defendants failed to inform servers at both locations that all tips received by the tipped employees are to be retained by the

employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

19.     In fact, Defendants at both locations used the money collected from tipped employees, to pay cooks and dishwashers who did not customarily receive tips, as required under 29 U.S.C. §203(t) and 29 C.F.R. §531.59, and had no more than *de minimus* contact with the customers who paid the tips.

20.     Defendants thus failed to maintain a valid tip pooling arrangement, by failing to provide the required information to the servers and by distributing tips to cooks and dishwashers who did not customarily and regularly receive tips.  Accordingly, Defendants did not comply with the requirements of section 3(m) of the Act, 29 U.S.C. § 203(m), and therefore Defendants were not eligible to take the tip credit under section 3(m) of the Act.

21.     As a result of these unlawful tip practices, the servers at both locations received wages ranging from $2.40 to $5.50 per hour, well below the statutory minimum wage rate and in violation of Section 6 of the Act, 29 U.S.C. § 206(a).  Moreover, the servers were required to pay a portion of their tips, which they had received directly from customers as a gift or gratuity in recognition of their service and which was the employees' property, 29 C.F.R. §531.52, to the servers' employers Johnny Rockets Pentagon City and the Johnny Rockets Union Station.  Thus, Defendants failed to pay the servers wages "finally and unconditionally" or "free and clear" as required under 29 C.F.R. §531.35.  The tips constituted direct or indirect "kick-backs" of the whole or part of the employees' wages to the employer or another person for the employer's benefit, and reduced the actual wages paid to Defendants by the amount of the misappropriated tips and even further below the statutory minimum wage required by Section 6 of the Act, 29 U.S.C. § 206(a).

22.     Despite being informed of the violations by January 2015, Defendants Johnny

Rockets Union Station, Kazemian, and Ghoreichi failed to stop the violations until May 2015.

Additionally, at all relevant times prior to approximately May 2015, Defendant Johnny Rockets

Union Station, Kazemian, and Ghoreichi did not compensate employees for all hours worked.

Taking these non-compensated hours into account, the employees' regular rate at Johnny

Rockets Union Station at times fell below $7.25 per hour, in violation of Section 6 of the Act.

*Failure to Pay Overtime*

23.      At relevant times, Defendants repeatedly violated the provisions of Section 7 and

15(a)(2) of the Act by failing to compensate employees for hours worked in excess of 40 hours

per workweek at rates of one and one-half times the regular rate of pay due to each such

employee as required by Section 7 of the Act.

24.     At Johnny Rockets Pentagon City, at all relevant times prior to approximately

January 2015, Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi employed

two employees who worked as both servers and shift managers during the same work week, but

failed to combine the hours worked in each position.   As a result, Defendants Johnny Rockets

Pentagon City, Kazemian, and Ghoreichi failed to account for hours worked in excess of 40

hours in a workweek and paid employees the regular rate of pay for all hours worked, including

hours worked in excess of 40 in a workweek.  Defendants Johnny Rockets Pentagon City,

Kazemian, and Ghoreichi thus failed to pay one and one-half times the regular rate of pay due to

the affected employees for hours worked in excess of 40 per workweek, violating Section 7 of

the Act.

25.     At the Pentagon City establishment, Defendants Johnny Rockets Pentagon City,

Kazemian, and Ghoreichi at relevant times employed one employee who worked as both a cook

during the day and a cleaner at night during the same work week, but failed to combine hours worked for each position.  As a result, Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi failed to account for hours worked in excess of 40 hours in a workweek and paid employees the regular rate of pay for all hours worked, including hours worked in excess of 40 in a workweek.  Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi thus failed to pay one and one-half times the regular rate of pay due to the affected employee for hours worked in excess of 40 per workweek, violating Section 7 of the Act.

26.     At Johnny Rockets Union Station, at all relevant times, employees regularly worked between 0.5 to 38.5 hours in excess of 40 hours in a workweek.  For these overtime hours, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi only paid employees their regular rate of pay for hours worked in excess of 40 in a workweek, instead of paying one and one-half times the regular rate of pay, thus violating Section 7 of the Act.  Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi labeled that compensation as "Retro Pay" on the payroll, indicating that they had knowledge of these improper overtime practices and attempted to conceal the fact that they were paying regular rates for overtime hours.

27.     At Johnny Rockets Union Station, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi also employed at least four employees who worked as both servers and shift managers during the same work week, but failed to combine hours worked for each position. As a result, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi failed to account for hours worked in excess of 40 hours in a workweek and paid employees the regular rate of pay for all hours worked, including hours worked in excess of 40 in a workweek. Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi thus failed to pay one and

one-half times the regular rate of pay due to the affected employees for hours worked in excess of 40 per workweek, violating Section 7 of the Act.

28.     Despite being informed in January 2015 of the overtime violations alleged in paragraphs 24 through 27, and promising to stop such practices, Defendants failed to stop the violations until late May 2015.

*Unlawful Recordkeeping Practices*

29.     For many of their employees, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records the wages, hours and other conditions of their employment, as required by Section 11(c) of the Act and accompanying regulations issued and found at 29 C.F.R. Part 516.

30.     At Johnny Rockets Pentagon City, at relevant times and until at least January 2015, Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi failed to keep records of hours worked by shift managers.  At relevant times, Defendants Johnny Rockets Pentagon City, Kazemian, and Ghoreichi also failed to enforce accurate time keeping as kitchen employees regularly forgot to clock out.

31.     At the Union Station establishment, at relevant times and until at least May 2015, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi failed to keep records of hours worked by shift managers.  Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi further failed to identify hours worked over 40 in one week as overtime hours and instead labeled them "Retro Pay" hours.  Lastly, Defendants Johnny Rockets Union Station, Kazemian, and Ghoreichi failed to record *all* hours worked by employees.

## **FIRST CAUSE OF ACTION**

Violations of Sections 6(a) and 15(a)(2) of the FLSA: Failure to Pay Minimum Wages

32.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 31 of the Complaint.

33.     As a result of Defendants' failure to pay employees for all hours worked, and Defendants' practice of paying their employees less than $7.25 per hour without complying with the tip credit requirements of Section 3(m), Defendants have violated the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, and appropriated employees' tips in violation of the Act.

34.     Therefore, Defendants are liable for unpaid minimum wage compensation owing to their employees under Section 6 of the Act, including unlawfully appropriated tips, as well as an equal amount of liquidated damages pursuant to Section 16(c) of the Act.  Such damages are owed to the employees named in Schedule A attached to Plaintiff's Complaint.  Additional amounts may be due to other employees employed by the Defendants working at Johnny Rockets Pentagon City or Johnny Rockets Union Station whose identities are not now known to the Plaintiff, as well as for the continuation of the identified violations.

35.     For these repeated and continued violations, a judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of minimum wage back wages) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

## SECOND CAUSE OF ACTION

<u>Violations of Sections 7 and 15(a)(2) of the FLSA: Failure to Pay Overtime Wages</u>

36.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 31 of the Complaint.

37.     Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act, by failing to compensate employees for hours worked in excess of 40 hours per workweek, at one and one-half times the regular rates at which they were employed.

38.     Therefore, Defendants are liable for unpaid overtime compensation owing to their employees under Section 7 of the Act and an additional, equal amount of liquidated damages pursuant to Section 16(c) of the Act.  Such damages are owed to the employees named in Schedule A attached to Plaintiff's Complaint.  Additional amounts may be due to other employees employed by the Defendants working at Johnny Rockets Pentagon City or Johnny Rockets Union Station whose identities are not now known to the Plaintiff, as well as for the continuation of the identified violations.

## THIRD CAUSE OF ACTION

<u>Violations of Sections 11(c) and 15(a)(5) of the FLSA: Failure to Make, Keep, and Preserve Adequate and Accurate Records</u>

39.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 31 of the Complaint.

40.     Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records as prescribed by the regulations issued and found at 28 C.F.R. §Part 516.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), and 15(a)(5) of the Act.

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage back wages (including wages conditioned on employees' payment of their tips) and overtime compensation due Defendants' employees, and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Schedule A for the period covered by this Complaint.  Additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants at the Pentagon City or Union Station establishments and who are presently unknown to Plaintiff.

3.      In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of minimum wages (including unlawfully appropriated tips) and overtime compensation found due Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

4.     For an Order awarding post-judgment interest as authorized by 28 U.S.C. § 1961, and awarding the costs of this action.

5.      For an Order granting such other and further relief as may be necessary and appropriate.

Mailing Address:                                          Respectfully submitted,

Douglas N. White                                         M. Patricia Smith
Associate Regional Solicitor                             Solicitor of Labor
U.S. Department of Labor
201 12th Street South                                    Oscar L. Hampton III
Arlington, VA 22202-5450                                 Regional Solicitor
Tel: (202) 693-9393
Fax: (202) 693-9392                                      Douglas N. White
                                                         Associate Regional Solicitor

                                                         /s/ Francine Serafin
                                                         Francine Serafin
                                                         Regional Counsel

                                                         Evelyn Chung
                                                         Senior Trial Attorney

                                                         Orly T. May
                                                         Trial Attorney

                                                         Address:
                                                         Chung.Evelyn@dol.gov
                                                         Office of the Solicitor
                                                         201 12th Street South
                                                         Arlington, VA  22202-5450
                                                         Telephone No. (202) 693-9660
                                                         Facsimile No.  (202) 693-9392

                                                         U.S. DEPARTMENT OF LABOR
                                                         Attorneys for Plaintiff

                                                         Date:  August 31, 2016

## **<u>SCHEDULE A</u>**

<u>Affected Employees of Johnny Rockets Pentagon City</u>

| Last Name | First Name |
|---|---|
| Ambaw | Samuel |
| Barua | Simon |
| Degife | Helen |
| Elhazime | Anasse |
| Elvir | Ilse |
| Flynn | Quinn |
| Gabregziabher | Mahlet |
| Gantogtakh | Jargalsaik |
| Haryanto | Edwin |
| Kabbeg | Abdelkim |
| Kebede | Martha |
| Medina | Yenues |
| Sahle | Hiwot |
| Susanty | Meity |
| Teklegiorgis | Samwarit |
| Togtokbayar | Mika |
| Wondesemayat | Meskerem |

Affected Employees of Johnny Rockets Union Station

| Last Name | First Name |
|-----------|------------|
| Abebe | Lydia |
| Aguilar | Jose |
| Alegria | Carlos |
| Ambaw | Mesfin |
| Chinzorig | Ganbold |
| Coreas | Evelyn |
| Cruz | Reina |
| Cruz | Luis Jose |
| Cruz-vidal | Eduardo |
| Doucure | Kadidiatatou |
| Gavrilenko | Ekaterina |
| Hazzoute | Driss |
| Hussain | Altaf |
| Kabbaj | Abdelkarim |
| Kassahaun | Kidist |
| Khan | Imran |
| Macauley | Melrose |
| Martinez | Reina |
| Martinez | Antonio |
| Mendes | Elsa |
| Montes | Hilda |
| Moummad | Lamyae |
| Nolasco | Obeth |
| Owais | Muhammed |
| Pineda | David |
| Reyes | Mauricio |
| Rhouribi | Elmahjoub |
| Russell | Brandon |
| Smirnova | Anna |
| Sollan | Belina |
| Tewelde | Mihret |
| Tolson | Renique |
| Uranchimed | Batsukh |
| Velasco | Carlos |

| Last Name | First Name |
|---|---|
| X[1] | X |
| Younes | Gamal |
| Zoltsetseg | Togtokhbayar |
| Zon | Didier |

---

[1] X represents an employee for whom the Secretary has calculated back wages based on time cards provided by Johnny Rockets Union Station, but whose name has not been provided by Johnny Rockets Union Station.